FILED
2023 Sep-19 PM 05:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**REBA LITTLETON,**

**Plaintiff,**

**v.**

**T-MOBILE USA, INC., et al.,**

**Defendants.**

**Case No.: 2:23-cv-00045-RDP**

## MEMORANDUM OPINION

This case is before the court on the Order reassigning this case to the undersigned.

## I. Background

Plaintiff, who is proceeding *pro se*, brings employment discrimination claims against Defendants T-Mobile USA, Inc., Timotheus Hoettges, Mike Sievert, Deutsche Telekom AG, and John Legere. (Doc. # 1). Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), and the Pregnancy Discrimination Act ("PDA"). (*Id.* at 5). Plaintiff alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue on October 13, 2022. (*Id*. at 8, 11-12). In her Complaint, she seeks:

> punitive damage[s of] $500 million due to T-Mobile allowing other employees to go through my HIPPA protected data, for T-Mobile allowing me to get assaulted[1] at work by a conspiracy with Dana Taylor, et al., and for T-Mobile to afford me compensatory damages as well as stock awards for forcing me to give up my stock shares under duress.

(*Id.* at 9).

[1] The alleged assault occurred on October 5th, 2018, but the Complaint was not filed until over four years later on January 12, 2023. (*Id.* at 7).

Plaintiff's claims arise out of her prior employment with T-Mobile. She claims that she was discriminated against based on her gender and race. (*Id.* at 7). She contends that she was denied raises and promotions and was taunted and harassed because of her pregnancy and disability. (*Id.*). With the exception of an alleged 2018 assault, the Complaint does not reference the dates on which certain events or actions took place. However, the court notes that many of the same assertions Plaintiff makes in her Complaint in this case appear to also have been the subject of a prior lawsuit she filed against T-Mobile and others. (*Compare* Doc. # 1 *with Littleton v. T-Mobile/Sprint, et al.*, N.D. Ala. Case No. 2:20-cv-01671-ACA, Doc. # 1-6).

## II.     Procedural History

After filing her Complaint on January 12, 2023, Plaintiff did not serve any of the defendants with the summons and complaint within the 90-day time limit provided by Federal Rule of Civil Procedure 4(m). (Doc. # 3). The Magistrate Judge ordered Plaintiff to show cause why the case should not be dismissed pursuant to that Rule. (*Id.*). When Plaintiff responded, she detailed efforts to serve Defendants and indicated that she intended to make additional efforts to serve them. (Doc. # 5). On May 8, 2023, the Magistrate Judge extended Plaintiff's service deadline to May 26, 2023, and ordered Plaintiff to show cause in writing by May 30, 2023, if she had not been able to serve Defendants. (Doc. # 7). On May 16, 2023, the Clerk of Court issued summonses to each named Defendant and provided them to Plaintiff for service. (Doc. # 8). The form summons contains a section requiring "Defendant's name and address." (*See, e.g.*, Doc. # 8). Although Plaintiff requested summonses directed to each named Defendant, she apparently did not request the issuance of a summons addressed to T-Mobile in care of any agent authorized to receive service of process. (*Id.*).

On June 1, 2023, Plaintiff informed the court that she was having additional difficulties serving some of the defendants and requested additional time to serve them. (Doc. # 10). The Magistrate Judge again extended Plaintiff's time limit for service to the extent that that any service made by June 22, 2023 would be considered timely. (Doc. # 11). The Magistrate Judge also ordered Plaintiff to file a status report regarding her efforts to serve Defendants. (*Id*.).

On July 17, 2023, Plaintiff filed a status report stating that she had served all Defendants except one and requesting permission to serve the remaining Defendant, John Legere, by regular USPS mail because, she asserted, he was avoiding service. (Doc. # 13). The Magistrate Judge denied the request for service by regular mail as inconsistent with Federal Rule of Civil Procedure 4(e) and ordered Plaintiff to submit proof of service by September 11, 2023. (Doc. # 15).

On September 1, 2023, Plaintiff submitted a status report claiming that Defendants Sievert, T-Mobile USA, and Legere had all been "served numerous times," but that Defendants Deutsche Telekom AG and Hoettges had not yet been served due to various issues with international service. (Doc. # 16). Plaintiff's status report asserted that T-Mobile was served (1) on May 25, 2023 via USPS First Class Mail at a Bellevue, Washington address, (2) on April 10, 2023 via USPS (with a tracking number) at a Birmingham, Alabama address, and (3) through its attorney Lindsey Kolar on January 18, 2023, at a Bellevue, Washington address. (*Id*. at 2, 4, 8-32, 103-05). Plaintiff states that Defendant Sievert has been served by USPS First Class Mail "by Certified status" at a Bellevue, Washington address. (*Id*. at 3, 42-67). Plaintiff contends that Defendants John Legere was served on June 6, 2023, via USPS mail (with a tracking number) at a New York, New York address. (*Id*. at 4, 76-102). Plaintiff also details unsuccessful attempts to serve Defendants

Deutsche Telekom AG and Hoettges. (*Id*. at 2-3). Based on these efforts, Plaintiff requests a default judgment against all Defendants. (*Id*. at 4).[2]

## III. Applicable Law

"The first principle governing the jurisdiction of the federal courts is that federal courts are courts of limited rather than general jurisdiction." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Therefore, a federal court is always obligated to examine subject matter jurisdiction *sua sponte* before reaching the merits of any claim. *Fitzgerald v. Seaboard Sys. R.R., Inc*., 760 F.2d 1249, 1251 (11th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp*., 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). "[O]nce a *pro se* [ ] litigant is in court, he[ or she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837; *see also Albra v. Advan, Inc*., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam)).

---

[2] Interestingly, in her Certification of Proof of Service, the only summons that it appears Plaintiff attempted to serve with the Complaint was the one directed to "T-Mobile USA, Inc., 12920 South East 38th Street, Bellevue WA 98006." (Doc. # 16 at 25, 28, 62, 65, 97, 100).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citations omitted). The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Notably, a plaintiff's unfamiliarity of the procedural rules is not an excuse for insufficiency of service. *See Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005).

Furthermore, a complaint must allege enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted above, the Magistrate Judge allowed Plaintiff two extensions to time to serve Defendants. And, despite what appear to be her diligent efforts, Plaintiff has not provided sufficient proof to establish that she has served any Defendant consistent with the requirements of Rule 4. And, in any event, regardless of whether Plaintiff adequately served Defendants, her Complaint fails to state a claim against certain of the Defendants.

**A. The Individual Defendants**

The three individual defendants named in Plaintiff's Complaint for Employment Discrimination are (1) Timotheus Hoettges, who Plaintiff identifies as the CEO of Deutsche

Telecom AG; (2) Mike Sievert, who Plaintiff identifies as the President and CEO of T-Mobile; and (3) John Legere, who Plaintiff identifies as the former CEO of T-Mobile. (Doc. # 1 at 2-4). However, whether these individual defendants were served is not the most pressing issue before the court.

Rather, Title VII, the PDA, and the ADA do not permit individual liability in employment discrimination cases; instead, relief is available only against an employer. *Hinson v. Clinch Cnty., Ga. Bd. of Edu.*, 231 F.3d 821, 827 (11th Cir. 2000) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")[3] (citation omitted); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (individuals "cannot be held liable under [] Title VII"); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (noting that "individual liability is precluded for violations of the ADA's employment discrimination provision"). Therefore, Plaintiff's employment discrimination claims against the individual Defendant are due to be dismissed with prejudice for failure to state a claim.[4]

**B. Deutsche Telekom AG**

Plaintiff filed her EEOC charge against Defendant T-Mobile and in her Complaint she references T-Mobile as her employer. (Doc. # 1 at 5, 7, 10-12). Nonetheless, she has also named Deutsche Telekom AG as a Defendant in this action. (*Id.* at 3). Apparently, Deutsche Telekom now holds a majority stake in T-Mobile, but that was acquired after the filing of Plaintiff's EEOC charge and after the filing of her judicial complaint.[5]

---

[3] In 1978, Congress amended Title VII by enacting the PDA, which specifically provided that the prohibition against sex discrimination includes discrimination based on pregnancy, childbirth, or related conditions. 42 U.S.C. § 2000e(k)); *see also Armindo v. Padlocker, Inc*., 209 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

[4] This makes moot any issues about proper service on the Individual Defendants.

[5] https://www.reuters.com/business/media-telecom/deutsche-telekom-reaches-majority-stake-t-mobile-us-ceo-2023-04-05/ (last visited September 14, 2023).

Generally, to bring an employment discrimination claim under Title VII, the PDA, or the ADA, a plaintiff must plead sufficient facts showing that a defendant was her employer or prospective employer. *See MackMuhammad v. Cagle's Inc*, 379 F. App'x 801, 804 (11th Cir. 2010) ("[R]elief under Title VII is available against only the employer[.]") (citation omitted); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) ("[B]oth Title VII and the ADA require that suits be brought only against employer-entities [].").

An entity is not considered an employer in the employment discrimination context unless it exercised control over the alleged adverse employment decisions on which the suit is based. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998) (explaining that the determination of whether an entity is an "employer" under Title VII "concentrate[s] on the degree of control an entity has over the adverse employment decision on which the Title VII suit is based"); *see also Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (noting the "strong presumption that a parent company is not the employer of its subsidiary's employees") (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993); *Johnson v. Flowers Indus. Inc.*, 814 F.2d 978, 981 (4th Cir. 1987)). Absent special circumstances, a parent company is not liable for discrimination by its subsidiary. *See Llampallas*, 163 F.3d at 1244-45; *Brown*, 494 F.3d at 739. Here, Plaintiff has not alleged in any manner how Deutsche Telekom was involved in her employment. And, other than naming Deutsche Telekom as a Defendant, Plaintiff has not alleged any unlawful actions taken by it. (Doc. # 1). Moreover, it appears that Deutsche Telekom only became a majority stakeholder in T-Mobile as of April 2023.[6]

---

[6] https://www.reuters.com/business/media-telecom/deutsche-telekom-reaches-majority-stake-t-mobile-us-ceo-2023-04-05/ (last visited September 14, 2023).

For these reasons, Plaintiff's claims against Deutsche Telekom are due to be dismissed because Plaintiff has not plausibly alleged that Deutsche Telekom was her employer and/or that Deutsche Telekom exercised control over the discrimination alleged by Plaintiff. (Doc. # 1).

**C. T-Mobile**

Plaintiff has alleged that T-Mobile was her employer. (*Id.*). Therefore, the question before this court is whether Plaintiff has demonstrated that she properly served T-Mobile under Rule 4.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides for serving a domestic corporation, partnership or association. The Rule states that the entity "must be served [] in a judicial district of the United States: A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1)(C), which applies to corporations, provides that service may be effected by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Alabama law provides for service of process by certified mail. Ala. R. Civ. P. 4(i)(2)(B). But, Alabama Rule 4(c)(6) provides that service of process on a corporation shall be made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

In her Certification of Proof of Service, Plaintiff claims that she has served T-Mobile twice. First, she states that she sent the Summons and Complaint via "USPS First Class Mail" "at the office of record." (Doc. # 16 at 2). Next, she states that she sent the Summons and Complaint via "a USPS with tracking number 9214890235890900002068932 5" and asserts that it was "left with authoritative individual manning the T-Mobile front desk." (*Id.*). Plaintiff also states that she

served the "Attorney of Record for Defendant T-Mobile et al., Lindsey Kolar [] at her Washington office address [] via USPS mail with Tracking Number 9400111899562181210411." (*Id*. at 4).

The problem is that, even accepting as true that a copy of the summons and complaint were delivered to T-Mobile at its office (and to one of its attorneys at the attorney's office), there is no evidence that any service documents were received by anyone authorized to accept service on behalf of T-Mobile. There are no return of service cards signed by anyone authorized to accept service on behalf of T-Mobile on the court's docket. Nor is there an affidavit completed by a person serving process indicating that T-Mobile was properly served with the summons and complaint. Plaintiff's method of service was ineffective because (1) the summons directed to T-Mobile was not addressed to or served on T-Mobile's president, any vice president, or its registered agent, (2) it was not addressed to or served on any other agent authorized to receive service of process for T-Mobile, and (3) it was not personally served on an officer of T-Mobile, a managing or general agent of T-Mobile, or any other agent authorized to receive service of process for T-Mobile. (Doc. # 16 at 25, 28, 62, 65, 97, 100).[7]

Because a summons directed to T-Mobile and a copy of Plaintiff's Complaint was not addressed to or served on T-Mobile through an agent authorized to receive service of process on its behalf, Plaintiff's service of process was ineffective under Rule 4(c)(1) of the Alabama Rules of Civil Procedure and therefore ineffective under Federal Rule of Civil Procedure 4(h)(1). *See* Ala. R. Civ. P. 4(c)(1); *see also Heaton v. Geico Ins. Co. of Alabama*, 2015 WL 7424322, at *3 (S.D. Ala. Oct. 28, 2015), *report and recommendation adopted*, 2015 WL 7430799 (S.D. Ala. Nov. 20, 2015) ("service on [a corporate] entity would not be proper under Alabama law because

[7] The form summons contains a section requiring "Defendant's name and address." (*See, e.g.*, Doc. # 8). Although Plaintiffs requested summonses directed to each named Defendant (*Id*.), Plaintiff apparently did not request the issuance of a summons addressed to T-Mobile in care of its president, any vice president, registered agent, nor any other agent authorized to receive service of process. (*Id*.).

the certified mail was not addressed to a human being affiliated with [the entity] as an officer, partner or agent as described in Rule 4(c)(6) of the Alabama Rules of Civil Procedure."). Accordingly, Plaintiff's claims against T-Mobile are due to be dismissed without prejudice for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

**D. Default Judgment**

The Federal Rules of Civil Procedure provide for the entry of a default if a defendant fails to timely respond to a complaint seeking affirmative relief. Fed. R. Civ. P. 55(a). However, before directing the clerk to enter a default, the court must first determine that a plaintiff has properly effected service of process. Fed. R. Civ. P. 4(l). Plaintiff bears the burden of showing that service occurred, and if a plaintiff has failed to properly serve the defendant with process, then the plaintiff is not entitled to the entry of a default. *See Onpower, Inc. v. United Power Line Contractors, LLC*, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant."); 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2020) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.").

Because, as discussed above, Plaintiff has not established that she properly served T-Mobile, her request for default or default judgment is due to be denied. Moreover, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997). Plaintiff's Complaint fails to state a claim against

both the Individual Defendants and against Deutsche Telekom AG. Therefore, Plaintiff's request for default judgment against those Defendants is due to be denied for that additional reason.

### E. Motion for Reassignment Back to the Magistrate Judge

Plaintiff has also requested that this case be reassigned back to the Magistrate Judge. (Doc. # 17). Normally such an assignment would require the consent of all parties. However, because her Complaint is due to be dismissed, Plaintiff's request is due to be denied as moot.

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's Complaint is due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this September 19, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE